CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:09-cr-00029-3 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER KIRK GRAY, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Christopher Kirk Gray, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I dismiss the motion as untimely filed.

I.

I entered petitioner's criminal judgment on January 21, 2010, sentencing petitioner to, inter alia, 188 months' incarceration for conspiring to possess with intent to distribute 500 grams of methamphetamine. On October 6, 2011, I granted the United States' motion for substantial assistance and entered petitioner's amended judgment, which reduced the sentence to 132 months' incarceration. Petitioner did not appeal either judgment.

The court received an unsigned 28 U.S.C. § 2255 motion to vacate on July 13, 2012, that petitioner purportedly mailed. The court conditionally filed the action, advised petitioner that the motion was not signed, and sent him a form § 2255 motion. Petitioner subsequently signed and filed the § 2255 motion on July 26, 2012, arguing that his conviction should be vacated because an erroneous 21 U.S.C. § 851 enhancement increased the sentence. Petitioner cites United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in support of the § 2255 motion.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final on February 4, 2010, when the time expired for petitioner to appeal the original judgment. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001) (holding that an amended judgment as a result of a defendant's substantial assistance does not affect the finality of the original judgment under § 2254(f)(1)). Accordingly, for purposes of § 2255(f)(1), petitioner had until February 4, 2011, to timely file his § 2255 motion, but he did not properly file the instant motion until July 2012. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

2

Liberally construed, petitioner argues that his motion should be considered timely filed because Simmons triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, § 2255(f)(3) specifically applies only to rights newly recognized by a decision from the United States Supreme Court, not a decision by a United States Court of Appeals. Thus, Simmons does not affect the statute of limitations, and petitioner filed the instant motion more than one year after February 2010.[1] Accordingly, petitioner untimely filed his § 2255 motion because more than one year passed since his convictions became final, pursuant to § 2255(f)(1).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that

---

[1] Simmons is based on the Supreme Court of the United States decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 2586-87 (2010). Petitioner's § 2255 motion would be untimely even if he argued that Carachuri-Rosendo was the Supreme Court's decision that started his limitations period, pursuant to § 2254(f)(3), because Carachuri-Rosendo does not retroactively apply to § 2255 proceedings. See, e.g., United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) (holding that Carachuri-Rosendo does not retroactively apply to § 2255 proceedings). Furthermore, Carachuri-Rosendo was issued on June 14, 2010, and petitioner would have had until June 14, 2011, to challenge his conviction pursuant to its holding even if it was retroactive.

3

unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, I find that petitioner filed his § 2255 motion beyond the one-year limitations period, petitioner is not entitled to equitable tolling, and the petition must be dismissed.[2]

### III.

For the foregoing reasons, the United States' motion to dismiss is granted and petitioner's 28 U.S.C. § 2255 motion is dismissed. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

ENTER: This 21st day of December, 2012.

Senior United States District Judge

---

[2] Furthermore, petitioner's issue with the citations to 21 U.S.C. § 851 in the presentence report ("PSR") would not warrant relief. The United States did not file a sentencing information pursuant to § 851, and the references to § 851 in the PSR had no impact on the guideline sentencing range he faced during the sentencing hearing, the original sentence, or the amended sentence.

4