CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 15 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:09CR00029-003 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHRISTOPHER KIRK GRAY,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 226, is DENIED.

The defendant is currently serving two consecutive six-month supervised release revocation sentences, one that was imposed by this court on February 16, 2021, and one that was imposed on April 19, 2021. He is 51 years old and is incarcerated at McDowell FCI, with a projected release date of March 14, 2022. The grounds of the defendant's motion are his health conditions and the risk posed to him by the COVID-19 pandemic.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not

issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

In order to find the defendant eligible for compassionate release, I must first find that there is an "extraordinary and compelling reason[]" justifying such relief. 18 U.S.C. § 3582(c)(1)(A)(i). Gray presents no such reason.

Gray's medical records indicate that he has hypertension and "[h]eart disease, unspecified." Gov. Resp. Ex. 1 at 8, ECF No. 234. These conditions could increase his risk of severe illness from COVID-19. However, the records further indicate that his hypertension is "[b]enign" and "[r]esolved." *Id.* He notes that he also has high cholesterol (hyperlipidemia), which his medical records support, but the Centers for Disease Control and Prevention (CDC) does not consider that condition to be a risk factor for COVID-19. Centers for Disease Control & Prevention, *People with Certain Medical Conditions*,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 15, 2021). His records state that in June 2021, he was experiencing intermittent chest pain and dyspnea, which he said had become worse after he received the Johnson & Johnson COVID-19 vaccine, and he was prescribed nitroglycerin at his request. Gov. Resp. Ex. 1 at 6, 8, ECF No. 234. He told the provider he has a cardiac stent. *Id.* at 6.

The medical records suggest that Gray's heart conditions are well-managed and do not require any care beyond what he is receiving from the Bureau of Prisons. Contrary to his assertion, nothing the records indicates that he has been diagnosed with a terminal illness. Gray's health condition does not create an extraordinary and compelling reason for reducing his sentence.[1]

While heart conditions can increase a person's risk of serious illness from COVID-19, Gray reported at intake on May 20, 2021, that he had been fully inoculated against the coronavirus. *Id.* at 12, 39. The CDC indicates that Johnson & Johnson's Janssen vaccine is 66.3% effective at preventing COVID-19 infection and has "high efficacy at preventing hospitalization and death in people who [do] get sick," noting that in clinical trials, "[n]o one who got COVID-19 at least 4 weeks after receiving the [Johnson & Johnson] Vaccine had to be hospitalized."

---

[1] Moreover, his health conditions are not new. Gray alleges that his heart defect is congenital, meaning he has had it since birth. Additionally, his revocation sentences were handed down in the middle of the pandemic, so the presence of COVID-19 in BOP facilities is not new either.

Centers for Disease Control and Prevention, *Johnson & Johnson's Janssen COVID-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html (last visited Oct. 15, 2021). Gray's medical records also state that he received his second dose of the Pfizer-BioNTech vaccine on May 24, 2021. Gov. Resp. Ex. 1 at 51, ECF No. 234.[2] The CDC indicates that this vaccine is at least 90% effective at preventing COVID-19-induced serious illness. Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Oct. 15, 2021). Given that he is fully inoculated against the coronavirus, Gray has not met his burden of proving that the risk posed to him by the pandemic constitutes an extraordinary and compelling reason for his release.

Considering the foregoing factors, as well as those set forth in § 3553(a), I find that the defendant is not qualified for such extraordinary relief.

ENTER:  October 15, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] It is unclear from the records whether Gray received both types of vaccine or whether he was instead mistaken about having received the Johnson & Johnson vaccine.