CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 07 2025
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>)<br>) Case No. 4:09CR00029-003<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **CHRISTOPHER KIRK GRAY,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | ) |

*Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Movant; Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States.*

Christopher Kirk Gray, by counsel, has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the ground that he has a terminal illness. For the reasons set forth hereafter, it is **ORDERED** that the motion, Dkt. No. 287, is GRANTED.

Mr. Gray is currently serving a sentence of 48 months' imprisonment imposed by this Court on July 31, 2024, after revocation of his supervised release. He is 55 years old and is incarcerated at Butner Federal Medical Center, with a projected release date of March 8, 2028.

The governing statute provides that a prison sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A). A policy statement of the U.S. Sentencing Guidelines now permits a reduction when the inmate is "suffering from a terminal illness (i.e. a serious and advanced illness with an end-of-life trajectory)." § 1B1.13(b)(1)(A)

According to the medical records supplied to the Court, Gray was seen by a physician at the Duke Eye Center on June 20, 2025, who noted that

> [Patient] originally presented in 2021 with a mass growing on left eyelid. Biopsy revealed mass to be infiltrative basaloid carcinoma. In December 2022 he developed metastatic Carcinoma in his neck and lymph nodes. He underwent chemotherapy and radiation treatment, lesions were not surgically excised due to risk of relapse (per pt).

Gov't's Resp. Ex. 1, initial consult, 6/20/25, Dkt. No. 295. His treating oncologist before his present incarceration, Dr. Goldschmidt, testified at Mr. Gray's revocation hearing that his rare eye tumor was not easy to treat and that Mr. Gray had declined radical surgery (removing his eye and "half his face") which had been recommended as the "best chance of cure." Evidentiary Hr'g Tr. 10, Dkt. No. 283.

More recently, Mr. Gray suffers from pain caused by polyosteoarthris and uses a walker. For his pain, he is prescribed methadone, oxycodone/acetaminophen, and pregabalin. Gov't's Resp. Ex. 1, pain medication renewal, 9/5/25, Dkt. No. 295.

While no written medical opinion appears in the record, the parties are agreed that it now appears that Mr. Gray is expected to live no longer than 18 months

because of the cancer. Before filing the present motion, he applied for compassionate release to his Warden under BOP Program Statement 5050.50(3)(a) ("Terminal Medical Condition"), authorizing consideration for early release by the BOP where an inmate has been diagnosed with a terminal, incurable disease whose life expectancy is 18 months or less, and/or has a decease or condition with an end-of-life trajectory. While Gray meets this standard, his request was denied. In a memorandum the BOP General Counsel stated:

> Mr. Gray is diagnosed with lacrimal gland carcinoma of the left lower eyelid and his life expectancy is likely to be 18 months or less. Therefore, he meets the threshold RIS criteria for terminal medical condition. However, Mr. Gray is serving a 48-month sentence following his fourth revocation of supervised release and his offense conduct involved distributing and using methamphetamine while undergoing treatment for his medical condition. Further, the court was aware of Mr. Gray's medical condition at the time of sentencing. Based on the foregoing, his early release would minimize the severity of the offense. Accordingly, his RIS request is denied.

Emergency Mot. Sentence Reduction Exs. 1-5, Dkt. No. 290.

While I was aware of Mr. Gray's medical condition when I sentenced him, there was no indication at that time that his condition was terminal. Under the changed circumstances, I will exercise my discretion to grant his motion and reduce his sentence to time served.

Accordingly, it is **ORDERED** that the sentence of incarceration imposed upon Christopher Kirk Gray by this Court on July 31, 2024, Dkt. No. 275, is reduced pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to TIME SERVED, with the other

provisions of his sentence, including his term of supervised release, to remain the same.

        ENTER: October 7, 2025

        /s/ JAMES P. JONES
        Senior United States District Judge